IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY DAY, #218861, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:18-cv-25-WHA-SMD |
| ) | [WO] |
| JOHN CROW, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on January 9, 2018, by Gary Day, an Alabama inmate proceeding *pro se*. Doc. 1.[1] Day challenges his 2001 Pike County conviction for first-degree rape and his resulting life sentence. Respondents argue that Day's Petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 6 at 5–9. For the following reasons, the undersigned magistrate judge RECOMMENDS that Day's Petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials filed on the federal courts' CM/ECF. Pinpoint citations correspond to the pagination of the electronically filed documents, which may not correspond to the pagination of the documents presented for filing.

## I. BACKGROUND

### A. State Criminal Conviction

On May 8, 2001 (CC-1999-306), a Pike County jury found Day guilty of first-degree rape in violation of § 13A-6-61(a)(3), Ala. Code 1975. Doc. 6-7 at 61. That same day, the trial court sentenced Day to life in prison. *See* Doc. 6-2 at 13. Day appealed, arguing that: (1) there was insufficient evidence to support his conviction, and (2) his trial counsel was ineffective for failing to conduct adequate cross-examination and present witnesses attesting to the dishonesty of the victim and her mother. Doc. 6-5.

On January 25, 2002, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Day's conviction and sentence. Doc. 6-1. Day applied for rehearing, which was overruled. He filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 6-4), which was denied on May 17, 2002 (Doc. 6-2). A certificate of judgment issued that same day. *Id.* Day did not seek certiorari review in the United States Supreme Court.

### B. Relevant State Post-Conviction Proceedings

On April 28, 2004 (CC-1999-306.60), Day filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 6-9 at 2. The trial court denied Day's Rule 32 petition on August 24, 2004. *Id.* Day filed a notice of appeal. On October 15, 2004, the Alabama Court of Criminal Appeals entered an order dismissing Day's appeal as untimely filed. Doc. 6-10. That same day, the Court of Criminal Appeals issued a certificate of judgment. *Id.*

Day filed a second Rule 32 petition (CC-1999-306.61) on January 24, 2005 (Doc. 6-14 at 2–3; Doc. 6-16 at 14), and, over ten years later, a third Rule 32 petition (CC-1999-306.62), on September 1, 2015 (Doc. 6-18 at 75). Day was denied relief in the state court proceedings on each petition. Docs. 6-15 through 6-23.

**C. Federal Habeas Petition**

Day filed this § 2254 Petition on January 9, 2018.[2] Doc. 1. In his Petition, he claims that: (1) he is "actually innocent" because (a) there was insufficient evidence of penetration to support his conviction for rape, and (b) the trial court failed to instruct the jury on unanimity and generic evidence after the prosecution failed to elect which particular act—out of multiple alleged acts occurring over an extended period of time—upon which it sought his conviction; and (2) his trial counsel was ineffective for failing to request a unanimity instruction. *Id*. at 5–6, 16–33. Respondents filed an answer on February 9, 2018 (Doc. 6), arguing that Day's petition is time-barred under AEDPA's one-year limitation period.

## II. DISCUSSION

**A. AEDPA's Statute of Limitations**

Section 2244(d) of the AEDPA includes a one-year statute of limitations for filing a § 2254 petition:

---

[2] Under the "prison mailbox rule," the Court deems Day's petition to be filed on the date he delivered it to prison authorities for mailing, presumptively, January 9, 2018, the day he represents that he signed it. Doc. 1 at 15. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court affirms the conviction on the merits on direct review or denies a petition for writ of certiorari, or when

the 90-day period to file a petition for certiorari with the United States Supreme Court expires. *See, e.g.*, *Clay v. United States*, 537, U.S. 522, 527 (2003); *Nix v. Sec'y for the Dep't of Corr.,* 393 F.3d 1235, 1236–37 (11th Cir. 2004).

During the direct-review stage of his case, Day filed no petition for writ of certiorari with the United States Supreme Court. Consequently, Day's conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on August 15, 2002—i.e., 90 days after May 17, 2002, which was the date on which the Alabama Supreme Court denied his petition for writ of certiorari and a certificate of judgment was issued. *See Pugh*, 465 F.3d at 1299 (if prisoner does not petition the U.S. Supreme Court for certiorari review, his conviction "becomes final when the time for filing that petition expires"). Therefore, absent some tolling event, statutory or equitable, Day had until August 15, 2003, to file a § 2254 petition considered timely.

   1.   *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).

Day filed his first Alabama Rule 32 Petition in the state trial court on April 28, 2004. That Rule 32 Petition had no tolling effect under § 2244(d)(2) because AEDPA's limitation

5

period ran unabated, without a tolling event, for a full year after the limitation period commenced on August 15, 2002, before expiring on August 15, 2003—over 8 months before Day filed his first Rule 32 petition. A Rule 32 petition does not toll the federal limitation period under § 2244(d)(2) if the limitation period has already expired before the filing of the Rule 32 petition. *See, e.g.*, *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll."). For the same reason, Day's second and third Rule 32 Petitions, filed in January 2005 and September 2015, respectively, had no tolling effect under § 2244(d)(2). Days second and third Rule 32 Petitions were filed well after the AEDPA limitation period expired. There was nothing left for those petitions to toll. *See Sibley*, 377 F.3d at 1204.

Day argues that his § 2254 petition is timely filed because he did not "discover" that the trial court should have instructed the jury on unanimity and generic evidence until summer 2015, when a fellow inmate explained the pertinent law to him. Doc. 1 at 32–36; Doc. 8 at 1–2. Day appears to argue that the AEDPA limitation period started anew in 2015, when he learned about the law regarding unanimity, and that the limitation period remained tolled (under § 2244(d)(2)) until the conclusion of all proceedings on his third Rule 32 Petition in July 2017. *See* Doc. 6-23. Effectively, Day argues that the limitation period for his § 2254 Petition is controlled by 28 U.S.C. § 2244(d)(1)(D), which provides that the limitation period shall run from "the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of due diligence."

Day's argument fails, however, because it focuses only upon when Day says he learned of the legal significance of a unanimity instruction, not when the factual predicate of his claim could have been discovered through the exercise of due diligence. "[I]t should go without saying that a factual predicate must consist of facts. Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). Alabama's law regarding unanimity and generic evidence in sexual abuse and rape cases involving a resident abuser of a child victim was established well before Day's trial, and that law could have been discovered through the exercise of due diligence at the time of Day's trial. *See R.L.G. v. State*, 712 So.2d 348 (Ala. Crim. App. 1997).[3] Moreover, the alleged deficiency in the trial

---

[3] "Traditionally, Alabama follows a strict election rule, by which the State must elect the offense on which it will proceed when the evidence discloses two or more offenses growing out of distinct and separate transactions." *R.A.S. v. State,* 718 So. 2d 117, 118 (Ala. 1998). In *R.L.G. v. State*, 712 So. 2d 348 (Ala. Crim. App. 1997), the Alabama Court of Criminal Appeals expanded the strict election rule in sexual abuse cases involving a resident abuser of a child victim where only generic evidence was presented:

> [W]e adopt, for purposes of this case, the 'either/or' rule, but only as that rule is modified for generic evidence: where the evidence of more than one incident of sexual molestation to a child victim by a resident child molester is purely generic and where "there is no reasonable likelihood of juror disagreement as to particular acts, and the only question [for the jury] is whether or not the defendant in fact committed all of [the incidents]," the trial court should instruct the jury that it can find the defendant guilty only if it unanimously agrees that he committed all the incidents described by the victim.

712 So. 2d at 367 (emphasis omitted). "The 'either-or' rule provides that the prosecution must elect which single act it is relying on for a conviction or else the trial judge must give a specific unanimity instruction." *R.A.S.*, 718 So. 2d at 119. "Generic evidence" in child sexual abuse cases is evidence of sexual abuse perpetrated upon a young child so often and in so many locations "by an abuser residing with the child . . . that the young child loses any frame of reference in which to compartmentalize the abuse into 'distinct and separate transactions.'" *R.L.G.,* 712 So. 2d at 356.

7

court's jury instruction as to unanimity would have been apparent—and discoverable with reasonable diligence—at the time of Day's trial. *See, e.g.*, *Johnson v. United States*, 340 F.3d 1219, 1224 (11th Cir. 2003) (holding that statute of limitations predicated on new facts begins to run the day the defendant should have learned the facts supporting his claim); *Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (noting that the time begins when the important facts are known, not when the facts' legal significance is known).

For purposes of § 2244(d)(1)(D), the law regarding unanimity and generic evidence is not new law, and the alleged deficiency in the trial court's jury instruction as to unanimity is not a newly discovered fact. Thus, § 2244(d)(1)(D) is unavailable to Day for purposes of statutory tolling. The controlling limitation period for Day's petition is the one set forth in § 2244(d)(1)(A),[4] and Day filed his § 2254 petition over 14 years after that limitation period expired.

**2.** *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable

---

[4] The provisions of 28 U.S.C. § 2244(d)(1)(B) and (C) provide no safe harbor for Day by affording a different triggering date so that AEDPA's limitation period commenced on some date later than August 15, 2002, or expired on some date later than August 15, 2003. There is no evidence that an unlawful state action impeded Day from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Day presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2244(d)(1)(C).

8

tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Day's assertion about his learning in 2015 of the law regarding unanimity and generic evidence may be seen as a claim for equitable tolling. However, as noted above, Alabama's law regarding unanimity and generic evidence was in effect at the time of Day's trial. Day fails to demonstrate his due diligence in asserting a claim based on this established law or on the trial court's allegedly deficient jury instruction. Further, Day cannot show that his pre-2015 ignorance of the law regarding unanimity and generic evidence amounts to an extraordinary circumstance that prevented him from timely filing his § 2254 Petition. A habeas petitioner's lack of legal training or a general ignorance or confusion regarding the law is not an extraordinary circumstances warranting equitable tolling. *See, e.g.*, *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Day fails to establish his entitlement to

equitable tolling. Therefore, his petition is time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

### 3. *Actual Innocence*

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Day claims he is actually innocent because: (1) there was insufficient evidence of penetration to support his conviction for rape; and (2) the trial court failed to instruct the jury on unanimity and generic evidence after the prosecution failed to elect which particular act—out of multiple alleged acts occurring over an extended period of time—upon which it sought his conviction. Doc. 1 at 5–6, 16–33; Doc. 8.

The standard established by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *see also Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

10

>evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Day points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he reargues the sufficiency of—and the weight afforded—the State's evidence. Such arguments, predicated on Day's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence. *See. e.g.*, *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence). Day is not entitled to further review of what amounts to a sufficiency-of-the-evidence claim, because his § 2254 petition was filed after expiration of the federal limitation period.

Neither does Day's argument about the trial court's failure to give a unanimity instruction constitute new reliable evidence of Day's actual innocence. It is a legal argument that fails to touch upon the question of factual innocence. At most, the argument is a re-couching of Day's challenge to the sufficiency and weight of the evidence, matters that will not sustain a claim of actual innocence.

Day fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.[5]  As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case."  513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  Day's is not such a case.  Because the actual innocence exception does not apply, the claims in Day's time-barred § 2254 petition are not subject to federal habeas review.

### III.  CONCLUSION

Accordingly, the undersigned magistrate judge RECOMMENDS that Day's Petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 21, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and

---

[5] The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases.  *See Cunningham v. Dist. Att'y's Off. for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007).  However, assuming for argument that Day may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the limitation period in § 2244(d).  *See Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement).  In any event, as stated in this Recommendation, Day's actual-innocence claim amounts, at most, to a challenge to the sufficiency of and/or weight afforded the State's evidence.  Such a claim, even if taken as a freestanding actual-innocence claim, is time-barred under § 2244(d).

12

factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See, e.g.*, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of December, 2020.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE